UNITED STATES, Appellee

v

ROBERT J. GREENWELL, Private,
U. S. Marine Corps, Appellant

19 USCMA 460, 42 CMR 62

No. 22,646

May 28, 1970

*Lieutenant Allen D. Black*, JAGC, USNR, argued the cause for Appellant, Accused.

*Captain John J. Reilly*, USMCR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Charles J. Keever*, USMC, and *Lieutenant James E. Akers*, JAGC, USNR.

## Opinion of the Court

FERGUSON, Judge:

The basic issue in this case, as in United States v Ortiz, 15 USCMA 505, 36 CMR 3 (1965), rehearing denied, 16 USCMA 127, 36 CMR 283 (1966), is whether the convening authority was authorized to appoint the special court-martial which tried the accused. If not, the proceedings were a nullity. United States v Ortiz, supra.

Authority to convene a special court-martial is specifically delineated in Article 23, Uniform Code of Military Justice, 10 USC § 823,[1] the pertinent portions of which provide:

---

[1] "§ 823. Art. 23. Who may convene special courts-martial

"(a) Special courts-martial may be convened by—

(1) any person who may convene a general court-martial;

(2) the comamnding officer of a district, garrison, fort, camp, station, Air Force base, auxiliary air field, or other place where members of the Army or the Air Force are on duty;

(3) the commanding officer of a brigade, regiment, detached battalion, or corresponding unit of the Army;

(4) the commanding officer of a wing, group, or separate squadron of the Air Force;

(5) the commanding officer of any naval or Coast Guard vessel, shipyard, base, or station; the commanding officer of any Marine brigade, regiment, detached battalion, or corresponding unit; the commanding officer of any Marine barracks, wing, group, separate squadron, station, base, auxiliary air field, or other

"(a) Special courts-martial may be convened by—

. . . . . .

(7) the commanding officer or officer in charge of any other command *when empowered by the Secretary concerned.*" [Emphasis supplied.]

In the case at bar, the special court-martial which tried and convicted the accused was convened in accordance with an order of the Commanding Officer, Student Company, Marine Corps Base, Camp Pendleton, California, under the authority of the following letter from the Commanding General, Marine Corps Base, Camp Pendleton:

"HEADQUARTERS

Marine Corps Base
Camp Pendleton, California 92055
17/1b
1620

From: Commanding General

To: Commanding Officer, Student Company, Schools Battalion, Marine Corps Base, Camp Pendleton, California 92055

Subj: Designation as separate and detached command for disciplinary purposes

Ref: (a) Navy Reg., art. 1401.3
(b) JAG Manual, sec. 0103b(5)
(c) UCMJ art. 23(a)(7) and 24
(d) UCMJ art. 15(b)(2)(H)(iv)
(e) MARCORMAN, pars. 1430.2-a(1) and 1450.2a

1. Pursuant to the authority vested in me by reference (a), Student Company, Schools Battalion, Marine Corps Base, Camp Pendleton, California, is hereby designated a separate and detached command for disciplinary purposes within the meaning of UCMJ art. 23.

2. As Commanding Officer, you are empowered to convene special and summary courts-martial under the provisions of references (b) and (c).

3. As a Special Court-Martial Convening Authority, you are also empowered to administer the nonjudicial punishments set forth in references (d) and (e).

4. This letter will be cited as your authority in courts-martial appointing orders, references for trial, unit punishment book and service record book entries and other documents necessary for proper legal administration.

LEWIS J. FIELDS
Major General, U. S. Marine Corps
Commanding

Copy to:
CMC (Code DK)
JAGN
CO, Schls Bn."

The reliance of the Commanding General on article 1401.3, Navy Regulations, and section 0103b(5), Manual of the Judge Advocate General, Department of the Navy, for his authority to empower this commanding officer to convene special courts-martial, is the same as in *Ortiz,* where we said:

". . . We have no argument with these provisions insofar as they leave to the commanders named therein the authority to create or designate separate and detached commands. Cf. Manual for Courts-Martial, United States, 1951, paragraph 5*b* (3). But we find nothing therein which implies conferral by the Secretary concerned of special court-martial jurisdiction. Rather, it would appear the regulations in question were designed to implement those provisions of Code, supra, Article 23, which give the appointing power to the commanders of appro-

place where members of the Marine Corps are on duty;
(6) the commanding officer of any separate or detached command or group of detached units of any of the armed forces placed under a single commander for this purpose; or
(7) the commanding officer or offi-cer in charge of any other command when empowered by the Secretary concerned.
"(b) If any such officer is an accuser, the court shall be convened by superior competent authority, and may in any case be convened by such authority if considered advisable by him."

priately designated separate commands. . . . There is simply no basis here for a conclusion that the Secretary of the Navy has acted to authorize the commander in question to appoint special courts-martial." [*Ibid.*, 15 USCMA, at page 510.]

Perusal of section 0103b(5) of the JAG Manual, supra, reveals that some word changes (additions and deletions) have been made since publication of our two opinions in *Ortiz*. A comparison is set forth below:

" '*b. Special courts-martial. — In addition to those officers otherwise authorized by article 23 of the Code,* the following officers are, pursuant to article 23(a)(7) of the Code, hereby designated as empowered to convene special courts-martial:

"b. *Special courts-martial.* In addition to those officers otherwise authorized by article 23(a)(1) through (6), UCMJ, the following officers are, under the authority granted to the Secretary of the Navy by article 23 (a)(7), UCMJ, empowered to convene special courts-martial:

.   .   .   .   .   .

" '(5) All commanding officers and officers in charge of commands now or herafter *designated as separate or detached commands within the meaning of article 23 of the Code by a flag or general officer in command* (including the commander of a multiservice command to which members of the naval service are attached).' (Emphasis supplied.)" [*Ortiz, supra,* 16 USCMA, at page 129.]

"(5) All commanding officers and officers in charge of commands now or hereafter designated as separate or detached commands by a flag or general officer in command (including the commander of a multi-service command to which members of the naval service are attached).

.   .   .   .   .   .

"Orders accomplishing a designation under subsection (5) above shall reference this section but shall not reference either article 23(a)(6),

UCMJ, or paragraph 5b(3), MCM. If a determination of separation or detachment respecting a command is made pursuant to paragraph 5b (3), MCM, such as when a group of detached units is placed under a single commander for disciplinary purposes as contemplated by article 23(a)(6), UCMJ, only that paragraph of the MCM and article 23(a) (6), UCMJ, shall be referenced in such determination. Copies of orders accomplishing a designation under subsections (4) or (5) above or accomplishing a determination under paragraph 5b(3), MCM, shall be forwarded to the Judge Advocate General of the Navy and, in addition, in the case of Marine Corps units, to the Commandant of the Marine Corps." [JAG Manual, supra, at pages 13, 14.]

Appellate Government counsel contend that the deletion of the phrase "within the meaning of article 23 of the Code" from section 0103b(5) and the addition of the instruction that "[o]rders accomplishing a designation under subsection (5) above shall reference this section but shall not reference either article 23(a)(6), UCMJ, or paragraph 5b(3), MCM" by the Secretary of the Navy, can only be construed as his specific granting of the power to convene special courts-martial to commanding officers of company-size units when appropriately designated by a flag or general officer. On that basis they allege that the Commanding Officer of the Student Company, Camp Pendleton, was properly authorized to convene the court in the case at bar.

In our reconsideration of *Ortiz,* a majority of this Court, as well as the dissenting member, discussed at length the authority of the Secretary of the Navy under Article 23(a)(7) of the Code to empower commanding officers to convene special courts-martial. A careful reading of those opinions is suggested. While we were divided on the question of whether the authority had been properly granted under the facts of that case, we were unanimous in our belief that the Congress of the

United States had granted broad power to the service Secretaries in this area. The majority of this Court held that the phrase "within the meaning of article 23," as it then appeared in section 0103b(5), applied only when a command within the meaning of Article 23(a)(6), Code, supra, had been designated as separate and detached by the general or flag officer in command. Inferentially, removal of that phrase would apparently operate to set aside the debility which prompted the *Ortiz* holding.

It is apparent that the Secretary of the Navy, by modification of section 0103b(5), JAG Manual, and the additional instructions included therein, has indicated his desire to establish a particular classification of commands, wholly apart from those identified in Article 23(a)(1)–(6), Code, supra, for the purpose of establishing court-martial jurisdiction. His power to do so is unquestioned. United States v Ortiz, supra; United States v Surtasky, 16 USCMA 241, 36 CMR 397 (1966).

The only remaining issue, and one which it was not necessary to consider in *Ortiz* because of the particular facts of that case, is the manner in which the objective is to be attained. Simply stated, and as it applies to this case, the issue is whether the Secretary must act *personally* in conferring the power to convene special courts-martial (United States v Surtasky, supra), or may he *delegate* this authority to a general or flag officer, who may then confer such authority by the simple expedient of declaring that a unit, regardless of its size, is separate and detached. JAG Manual, supra.

In United States v Surtasky, supra, we held that the Secretary of the Navy had acted within the ambit of the authority granted to him under Article 23(a)(7), Code, supra, when, at the recommendation of Chief of Naval Operations, he "specially authorized the Commanding Officer, U. S. Naval Station, Norfolk, Virginia, 'to place all enlisted personnel of the Navy assigned to duty at the Naval Station under the command of the Head, Military Personnel Department of the Naval Station, who is designated as their commanding officer for disciplinary purposes.' " (*Ibid.*, at page 242.)[2] Why the Secretary's *personal* designation of special court-martial authority was not sought in this case, as it was in *Surtasky*, is unknown. However, inasmuch as we believe that his personal action is an absolute prerequisite, we must hold that the court-martial which convicted this accused was without jurisdiction to proceed and, hence, was a nullity.

From an analysis of Article 23, Code, supra, it is evident that Congress believed that special court-martial authority was an important power to be conferred sparingly. In subsections (1) through (6) it specifically described the various types of command in which such authority was to vest by virtue of the fact of command alone. To provide for the unforeseen, Congress authorized the service Secretaries to fill the gaps in those instances where they believed it was necessary. Had Congress intended to vest in the Secretary power to delegate his authority, we believe it would have said so, as it did with reference to the codal authority vested in the President. Article 140, Code, supra, 10 USC § 940. In this case it did not. When a statute is plain on its face, as is this one, it is to be applied, not interpreted. United States v Charlton, 18 USCMA 141, 39 CMR 141 (1969). The President, in promulgating the Manual for Courts-Martial, United States, 1951, recognized this fact for he specifically declared therein that the authority to convene a general or special court-martial cannot be delegated or transferred to another. Paragraphs 5*a*(5) and 5*b*(2), Manual, supra. See also

---

[2] We note that in the above-mentioned revision of the JAG Manual, Head, Military Personnel Department, U. S. Naval Station, Norfolk, Virginia, is specifically listed as empowered to convene a special court-martial in section 0103b(11).

the same paragraphs in the 1969 (Revised edition) of the Manual.

We hold, therefore, that while the Secretary of the Navy has the authority under Article 23(a)(7) to authorize the Commanding Officer, Student Company, Schools Battalion, Marine Corps Base, Camp Pendleton, California, to convene a special court-martial (United States v Surtasky, supra), his power to do so is not delegable (paragraphs 5a(5) and 5b(2), Manual, supra) and may not be exercised by a flag or general officer. To the extent that section 0103b(5), JAG Manual, supra, purports to grant this authority to a flag or general officer, it is contrary to the law and of no legal effect. Courts-martial convened under that authority are a nullity. United States v Ortiz, supra.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A new trial may be ordered before a properly appointed court-martial.

Chief Judge QUINN and Judge DARDEN concur.