UNITED STATES, Appellee

v

JASPER R. CUNNINGHAM, Seaman, U. S. Navy, Appellant

21 USCMA 144, 44 CMR 198

No. 24,759

December 17, 1971

*Lieutenant David C. Sellergren*, JAGC, USNR, was on the pleadings for Appellant, Accused.

*Commander Michael F. Fasanaro, Jr.*, JAGC, USN, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

The special court-martial which convicted this accused was convened by order of the Commanding Officer, Enlisted Personnel, Headquarters, Eighth Naval District, New Orleans, Louisiana. According to the record of trial, the Commanding Officer's power to convene a court was conferred on him by the Commandant, Eighth Naval District, under the authority of section 0103b(4) of the Manual of the Judge Advocate General, Department of the Navy. Appellant contends that in light of this Court's opinion in United States v Greenwell, 19 USCMA 460, 42 CMR 62 (1970), the proceedings were a nullity.

We agree. See also United States v Walker, 20 USCMA 79, 42 CMR 271 (1970); United States v Hevner, 20 USCMA 80, 42 CMR 272 (1970); United States v Riley, 20 USCMA 145, 42 CMR 337 (1970). Cf. United States v Ortiz, 15 USCMA 505, 36 CMR 3 (1965), rehearing denied, 16 USCMA 127, 36 CMR 283 (1966).

Authority to convene a special court-martial is specifically delineated in Article 23, Uniform Code of Mil-

itary Justice, 10 USC § 823,[1] the pertinent portions of which provide:

"(a) Special courts-martial may be convened by—

. . . . .

(7) the commanding officer or officer in charge of any other command *when empowered by the Secretary concerned.*" [Emphasis supplied.]

From an analysis of this Article, it is evident that Congress believed that special court-martial authority was an important power to be conferred sparingly. In subsections (1) through (6) it specifically described the various types of command in which such authority was to vest *by virtue of command alone.* To provide for the unforeseen, Congress, in subsection (7), authorized the *service Secretaries* to fill the gaps in those instances where they believed it was necessary. Had Congress intended to vest in the Secretary power to delegate his authority, we believe it would have said so, as it did with reference to the codal authority vested in the President. Article 140, Code, supra, 10 USC § 940. In this case it did not.

When a statute is plain on its face, as is this one, it is to be applied, not interpreted. United States v Charlton, 18 USCMA 141, 39 CMR 141 (1969). The President, in promulgating the Manual for Courts-Martial, United States, 1969 (Revised edition), recognized this fact for he specifically declared therein that the authority to convene a general or special court-martial cannot be delegated or transferred to another. Paragraphs 5a(5) and 5b(2), Manual, supra.

In United States v Surtasky, 16 USCMA 241, 36 CMR 397 (1966), we held that the Secretary of the Navy had acted within the ambit of the authority granted to him under Article 23(a)(7), Code, supra, when, at the recommendation of the Chief of Naval Operations, he "specifically authorized the Commanding Officer, U.S. Naval Station, Norfolk, Virgina, 'to place all enlisted personnel of the Navy assigned to duty at the Naval Station under the command of the Head, Military Personnel Department of the Naval Station, who is designated as their commanding officer for disciplinary purposes.'" (*Ibid.,* at page 242.) Why the Secretary's *personal* designation of special court-martial authority was not sought in this instance, as it was in *Surtasky,* is unknown. However, inasmuch as we

[1] "(a) Special courts-martial may be convened by—

(1) any person who may convene a general court-martial;

(2) the commanding officer of a district, garrison, fort, camp, station, Air Force base, auxiliary air field, or other place where members of the Army or the Air Force are on duty;

(3) the commanding officer of a brigade, regiment, detached battalion, or corresponding unit of the Army;

(4) the commanding officer of a wing, group, or separate squadron of the Air Force;

(5) The commanding officer of any naval or Coast Guard vessel, shipyard, base, or station; the commanding officer of any Marine brigade, regiment, detached battalion, or corresponding unit; the commanding officer of any Marine barracks, wing, group, separate squadron, station, base, auxiliary air field, or other place where members of the Marine Corps are on duty;

(6) the commanding officer of any separate or detached command or group of detached units of any of the armed forces placed under a single commander for this purpose; or

(7) the commanding officer or officer in charge of any other command when empowered by the Secretary concerned.

"(b) If any such officer is an accuser, the court shall be convened by superior competent authority, and may in any case be convened by such authority if considered advisable by him."

believe that his personal action is an absolute prerequisite, we must hold that the court-martial which convicted this accused was without jurisdiction to proceed and, hence, was a nullity. United States v Greenwell, supra.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A new trial may be ordered before a properly appointed court-martial.