UNITED STATES, Appellee

v

DANIEL E. FERRY, Private First Class, U. S. Marine Corps, Appellant

22 USCMA 339, 46 CMR 339

No. 26,281

June 8, 1973

*Allen D. Black,* Esquire, argued the cause for Appellant, Accused. With him on the brief were *Mark E. Goldberg,* Esquire, and *Lieutenant Kenneth N. Beth,* JAGC, USNR.

*Lieutenant E. Alan Hechtkopf,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel G. L. Bailey,* USMC.

### Opinion of the Court

QUINN, Judge:

By certificate of the Judge Advocate General of the Navy and petition of the accused, we are asked to consider whether evidence of previous convictions was properly admitted against the accused during sentence proceedings at his trial by special court-martial.

Two of the previous convictions (Prosecution Exhibits 1 and 2) were by summary court-martial, and each resulted in an approved sentence that included confinement at hard labor. United ed States v Alderman, 22 USCMA 298, 46 CMR 298 (May 25, 1973) prohibits the use of such evidence.

The third previous conviction (Prosecution Exhibit 3) was by special court-martial appointed by a commander who had no authority to appoint such court. United States v Greenwell, 19 USCMA 460, 42 CMR 62 (1970). Government counsel contend that as the trial and the required review in this case were completed about fifteen months before the *Greenwell* case was decided, *Greenwell* should not be given retroactive effect.

Appellate defense counsel challenge the argument on two grounds. First, they contend that proceedings before a court-martial appointed by a commander having no lawful authority to appoint are wholly void, not merely procedurally irregular. See Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 8. Secondly, they maintain that the real question in this case is not whether *Greenwell* should be applied to undo the previous conviction, but whether *Greenwell* bars evidence of that conviction "from being used . . . to enhance" the punishment imposed upon the accused at his present trial. Whatever effect *Greenwell* may have on a conviction in other situations, we have no doubt that a conviction invalid under *Greenwell* cannot be used to increase the sentence for a later offense beyond that which the accused would have received had that previous conviction not been considered. United States v Tucker, 404 US 443 (1972); Burgett v Texas, 389 US 109 (1967). Cf. Belichesky v Bowman, 21 USCMA 146, 44 CMR 200 (1972). Since the defect in the authority of the court-martial to proceed to verdict was legally established at the time of the accused's trial, evidence of conviction by that court should not have been received against the accused at this trial.

Prosecution Exhibit 4 was a conviction by a special court-martial in August 1971. Appellate defense counsel contend the exhibit does not affirmatively demonstrate that the accused was represented by lawyer-counsel at that trial, and, therefore, he was denied "the Sixth Amendment right to counsel" as delineated in Argersinger v Hamlin, 407 US 25 (1972). We considered a similar contention as to the qualifications of counsel in United States v Alderman, supra, and for the reasons set out in the opinions in that case, we sustain the trial ruling admitting evidence of this conviction.

We answer the certified question, which asks review of the effect of the *Greenwell* case, by holding that a previous conviction by a court-martial not properly constituted, as determined in *Greenwell*, is inadmissible against the

**22 USCMA 340**

accused at a later trial for a subsequent offense as evidence bearing on an appropriate sentence for that subsequent offense. The decision of the Court of Military Review as to the sentence is set aside. The record of trial is returned to the Judge Advocate General for resubmission to the court for further proceedings consistent with the opinions in this case and in United States v Alderman, supra.

DARDEN, Chief Judge (concurring):

I concur in Judge Quinn's determination that the retroactivity of our decision in United States v Greenwell, 19 USCMA 460, 42 CMR 62 (1970), prohibits the use of a conviction that it invalidates to enhance the punishment of the accused in a subsequent trial.

For the reasons set forth in my separate opinion in United States v Alderman, 22 USCMA 298, 46 CMR 298 (May 25, 1973), I do not consider that the accused was entitled to counsel within the meaning of the Sixth Amendment at his prior special court-martial. On that basis, I join in sustaining the admissibility of Prosecution Exhibit No. 4.

I would return the case to the Judge Advocate General, United States Navy, for submission to the U. S. Navy Court of Military Review for reconsideration and reassessment of the sentence only in connection with the previous conviction invalidated under United States v Greenwell, supra.

DUNCAN, Judge (concurring in part and dissenting in part):

I agree with Judge Quinn that Prosecution Exhibit 3 should not have been received in evidence, United States v Greenwell, 19 USCMA 460, 42 CMR 62 (1970), and would answer the certified question in the affirmative. I disagree, however, with the conclusions relative to the admissibility of Prosecution Exhibit 4. Since the appellant was sentenced to confinement at hard labor as the result of the special (Exhibit 4) court-martial, I would hold that it was improperly admitted for the reasons set forth in my separate opinion in United States v Henry, 22 USCMA 328, 46 CMR 328 (June 8, 1973).