### UNITED STATES

v.

**Derrick D. ALMY, Gunner's Mate Second Class (E–5), U.S. Coast Guard.**

**CGCMS 24017.
Docket No. 985.**

U.S. Coast Guard Court of Military Review.

April 28, 1992.

Trial Counsel: LCDR William S. Aramony, JAGC, USNR.

Detailed Defense Counsel: LT Robert P. Taishoff, JAGC, USNR.

Appellate Defense Counsel: LCDR G Arthur Robbins, USCG.

Appellate Government Counsel: LT Garland M. Walker, USCGR.

Before Panel Six, BAUM, BRIDGMAN and BASTEK, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by special court-martial judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of five offenses. They include one specification of desertion in violation of Article 85, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 885, one specification of wrongful possession of a purported military identification card and three specifications of wrongful and false making of birth certificates, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The judge sentenced Appellant to a bad conduct discharge, confinement for four months and reduction to E–2, which was approved by the convening authority, with confinement in excess of ninety days suspended for twelve months in accordance with the terms of the pretrial agreement.

On the date sentence was adjudged, Appellant signed a waiver of appellate rights form after his detailed defense counsel advised him of his appellate rights and the consequences of waiving appellate review. Subsequent to the purported waiver, the convening authority acted on the record. Thereafter, a law specialist review under R.C.M. 1112 was made which found that each specification stated an offense, that the sentence was legal and that the court-martial had jurisdiction over the accused and each offense. The record was then forwarded to the Office of Chief Counsel of the Coast Guard, whose designee returned it for compliance with R.C.M. 1112(f) and for answers to questions raised by the manner in which Appellant purportedly waived appellate review. Ultimately, a determination was made that Appellant's waiver was not effective in light of *U.S. v. Hernandez*, 33 M.J. 145 (C.M.A.1991). As a result, the record was referred to this Court for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866, with appellate defense and government counsel designated.

Appellate defense counsel has assigned and orally argued one error before this Court, that the special court-martial was without jurisdiction due to the failure of the Secretary of Transportation to lawfully designate the convening authority. In support of this argument, counsel has attached to his brief as Appendix B[1], a letter of May 1, 1987, from the Secretary of Transportation to the Commandant, United States Coast Guard which, in accordance with Article 23(a)(7), 10 U.S.C. § 823(a)(7), authorizes commanding officers of all Coast Guard units to convene special courts-martial. Appellate defense counsel contends that:

[T]he Secretary *cannot* lawfully designate *all* commanding officers. By doing

---

1. Both appellate counsel have attached various appendices to their briefs without motion for leave to file these documents as called for by *U.S. v. Vangelisti*, 30 M.J. 234, 237 (C.M.A.1990).

All of these source materials are susceptible to being judicially noted. For this reason, they are so noted and are hereby accepted for consideration.

so, the Secretary has, in violation of Article 23, allowed the creation of a unit (an action apparently within the authority of the Chief of Staff) to become the functional equivalent of the creation of a special court-martial convening authority.

Appellant's Brief at 4.

Citing *U.S. v. Greenwell*, 19 U.S.C.M.A. 460, 42 C.M.R. 62 (1970) and *U.S. v. Cunningham*, 21 U.S.C.M.A. 144, 44 C.M.R. 198 (1971), defense counsel asserts that the Secretary's power to create special court-martial convening authorities is non-delegable and that his letter purporting to designate all Coast Guard unit commanding officers as special court-martial convening authorities has *de facto* abdicated the power to designate to the Commandant or his designee. While we agree that *U.S. v. Greenwell*, supra, and *U.S. v. Cunningham*, supra, stand for the proposition that the Secretary cannot delegate the power to designate convening authorities, we believe the facts in this case can be distinguished from those in *Greenwell* and *Cunningham*.

In *U.S. v. Greenwell*, supra, the special court-martial was convened by the Commanding Officer, Student Company, Marine Corps Base, Camp Pendleton, California, whose authority, in turn, came from the Commanding General, Marine Corps Base, Camp Pendleton. In a letter to the Commanding Officer, the Commanding General designated Student Company, Schools Battalion, Marine Corps Base, Camp Pendleton, California a separate and detached command for disciplinary purposes within the meaning of Article 23, UCMJ, and indicated that the Commanding Officer was empowered to convene special courts-martial under the provisions of Section 0103b(5), Manual of the Judge Advocate General (JAG Manual), Department of the Navy and Article 23(a)(7), UCMJ. Article 23(a)(7), UCMJ, authorizes the convening of special courts-martial by, "the commanding officer or officer in charge of any other command when empowered by the Secretary concerned." Citing that provision, the Secretary of Navy, in Section 0103b(5), JAG Manual, attempted to empower as special court-martial authorities, "[a]ll commanding officers and officers in charge of commands now or hereafter designated as separate or detached commands by a flag or general officer in command...."

The Court of Military Appeals held in *U.S. v. Greenwell* that the Secretary of the Navy had authority under Article 23(a)(7), UCMJ, to authorize the Commanding Officer, Student Company, Schools Battalion, Marine Corps Base, Camp Pendleton, California to convene a special court-martial but this power was not delegable and may not be exercised by a flag or general officer. The court stated, "[t]o the extent that section 0103b(5), JAG Manual, supra, purports to grant this authority to a flag or general officer, it is contrary to the law and of no legal effect." *U.S. v. Greenwell*, 42 C.M.R. 62, 66 (1970). Similarly in *U.S. v. Cunningham*, supra, the Commanding Officer, Enlisted Personnel, Headquarters, Eighth Naval District, New Orleans, Louisiana had been empowered to convene special courts-martial by the Commandant of the Eighth Naval District under authority of The JAG Manual. On the basis of *U.S. v. Greenwell*, that authority was declared a nullity.

We are faced with distinctly different facts in this case. Establishment of Coast Guard units with commanding officers is properly accomplished by the Commandant of the Coast Guard. Units so constituted by the Commandant are separate, self-sufficient organizations designed to carry out one or more of the varied Coast Guard missions. They are not paper organizations created simply to accommodate administrative and disciplinary needs, as appeared to be the case in *U.S. v. Greenwell*, supra, and *U.S. v. Cunningham*, supra. In our view, the holdings in *U.S. v. Greenwell*, supra, and *U.S. v. Cunningham*, supra, are inapplicable here.

Aside from this conclusion, there is another aspect of the instant case which leads us to conclude there was no delegation of authority by the Secretary. We have before us a court-martial convened by a commanding officer of a unit in being when the

Secretary of Transportation designated court-martial authorities in 1987. That unit, United States Coast Guard Pacific Area Tactical Law Enforcement Team, San Diego, California (Pac Area Taclet), was created in 1985 by the Commandant through the consolidation of separate law enforcement detachments into one integral command. The purpose of this new Coast Guard entity was to provide a better organization for meeting Coast Guard law enforcement responsibilities. It brought together disparate boarding teams into one self-sustaining unit with a commanding officer to provide the necessary direction, supervision, training and support required to fulfill assigned missions. As such, it fell within the Coast Guard definition of a unit: "A separately identified Coast Guard organizational entity, under a duly assigned commanding officer or officer-in-charge, provided with personnel and material for the performance of a prescribed mission." Appendix D of Appellee's Brief, 1987 Commandant Instruction M5440.2F at I–1.

Since Pac Area Taclet was an established unit with a commanding officer when the Secretary of Transportation in 1987 designated commanding officers of all Coast Guard units as special court-martial authorities, the power to convene special courts-martial came directly and personally from the Secretary. There was no delegation to the Commandant with respect to this established unit. Counsel's delegation argument, even if accepted, would apply only to units created by the Commandant after the date of the Secretary's letter. Accordingly, Appellant's assignment of error is rejected.

We have determined that the findings and sentence are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and sentence approved below are affirmed.

Judges BRIDGMAN and BASTEK concur.