**UNITED STATES, Appellee,**

v.

**Derrick D. ALMY, Gunner's Mate Second Class U.S. Coast Guard, Appellant.**

No. 68,077.
CMR No. 985.

U.S. Court of Military Appeals.

Argued May 11, 1993.

Decided Sept. 20, 1993.

For Appellant: *Lieutenant Commander Allen Lotz* (argued); *Lieutenant Commander G Arthur Robbins* and *Lieutenant Melissa Bert*, Legal Intern.

For Appellee: *Lieutenant Garland M. Walker* (argued).

*Opinion of the Court*

WISS, Judge:

On April 3, 1991, a military judge sitting alone as a special court-martial found appellant guilty, consistent with his pleas, of desertion, wrongful possession of a military identification card, and falsely making a birth certificate (three specifications), in violation of Articles 85 and 134, Uniform Code of Military Justice, 10 USC §§ 885 and 934, respectively. Appellant was sentenced to a bad-conduct discharge, confinement for 4 months, and reduction to pay grade E–2. Pursuant to a pretrial agreement, the convening authority approved the sentence but suspended confinement in excess of 90 days for 12 months. The Court of Military Review affirmed the findings and sentence on April 28, 1992. 34 MJ 1082 (1992).

This Court granted review on the following issue: [1]

THE COAST GUARD COURT OF MILITARY REVIEW AS A MERE COLLATERAL DUTY COMPLIES WITH DUE PROCESS.

---

1. We also granted review on the following issue: WHETHER THE ASSIGNMENT OF MILITARY APPELLATE JUDGES TO SERVE ON

WHETHER BLANKET SECRETARIAL DESIGNATION OF ALL COMMANDING OFFICERS AS SPECIAL COURT-MARTIAL CONVENING AUTHORITIES IS AN UNLAWFUL DELEGATION OF SECRETARIAL AUTHORITY UNDER ARTICLE 23(A), UCMJ, WHEN THE COAST GUARD'S AUTHORITY TO CREATE COMMANDING OFFICERS IS HELD BY THE COMMANDANT'S CHIEF OF STAFF.

We hold that the Secretary of Transportation's 1987 designation of "Commanding Officers of all Coast Guard units" as special court-martial convening authorities was not a delegation of secretarial authority under Article 23(a)(7), UCMJ, 10 USC § 823(a)(7), as to then-existing "Commanding Officers of all Coast Guard units...."

## BACKGROUND

In 1983, Pacific Area Tactical Law Enforcement Team (Pac Area Taclet), located in San Diego, California, was established as a Coast Guard unit with an officer-in-charge. In 1985 the Coast Guard Chief of Staff, a flag officer, signed an order replacing the officer-in-charge billet with a commanding officer and consolidating separate law enforcement detachments into the Pac Area Taclet command, thereby creating a better organization for meeting Coast Guard law enforcement responsibilities.

In 1987, the Secretary of Transportation designated court-martial convening authorities under the authority of Articles 22(a)(8) and 23(a)(7), UCMJ, 10 USC §§ 822(a)(8) and 823(a)(7), respectively. In accordance with Article 23(a)(7), the Secretary's designation of special court-martial convening authorities included "Commanding Officers of all Coast Guard units...." This designation of convening authorities "superseded" a previous similar secretarial designation dated July 14, 1975. In March 1991, the Commanding Officer Pac Area Taclet convened this special court-martial.

This issue was resolved adversely to appellant in *United States v. Carpenter,* 37 MJ 291 (CMA 1993).

## DISCUSSION

In Article 23, Congress designated the officials authorized to convene special courts-martial. To provide for service flexibility and to allow for unforeseen developments in military organizations, Congress permitted the service Secretaries to designate additional commanders not otherwise specified as special court-martial convening authorities. Art. 23(a)(7). This Court has consistently held that the service Secretaries may not delegate this authority and that personal designation of a special court-martial convening authority is an absolute prerequisite of convening authority power under Article 23(a)(7). *United States v. Cunningham,* 21 USCMA 144, 44 CMR 198 (1971); *United States v. Greenwell,* 19 USCMA 460, 42 CMR 62 (1970). This rule has no impact on military command structure. Military commanders have the power to create the commands necessary for their mission; however, the authority of these commands to convene courts-martial must come from the statute or the specific designation of the Secretary. *United States v. Ortiz,* 15 USCMA 505, 36 CMR 3 (1965), *opinion denying rehearing,* 16 USCMA 127, 36 CMR 283 (1966).

Appellant argues that the 1975 secretarial designation of commanding officers of all Coast Guard units to convene special courts-martial effectively delegated to the Chief of Staff of the Coast Guard the authority to designate which unit commanders have authority to convene special courts-martial. However, appellant's argument is erroneously based on the premise that Pac Area Taclet's authority to convene this special court-martial is derived from the 1975 Secretarial designation of special courts-martial convening authorities. Appellant disregards the linchpin of this case—the 1987 Secretarial designation of "Commanding officers of all Coast Guard units" as special court-martial convening authorities—that directly and personally

empowered the Commanding Officer of Pac Area Taclet to convene this special court-martial in 1991. *See United States v. Cunningham* and *United States v. Greenwell*, both *supra*.

We need not address the authority of the Commanding Officer, Pac Area Taclet, to convene courts-martial between 1985 and 1987 pursuant to other authority, a circumstance that does not affect appellant's case which was tried in 1991.[2] Because the 1987 Secretarial designation moots appellant's improper-delegation argument, we resolve the granted issue adversely to him.

The decision of the United States Coast Guard Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.

---

2. The Court of Military Review was correct in its conclusion that "Pac Area Taclet was an established unit with a commanding officer when the Secretary of Transportation in 1987 designated commanding officers of all Coast Guard units as special court-martial authorities," so "the power to convene special courts-martial came directly and personally from the Secretary." 34 MJ at 1085.