UNITED STATES

v.

**Charles R. HUNDLEY, Private (E-1), U.S. Marine Corps.**

NMCM 200000724.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 14 June 1999.

Decided 9 April 2002.

Capt Phillip D. Sanchez, USMC, Appellate Defense Counsel.

Maj Charles C. Hale, USMC, Appellate Defense Counsel.

Capt Curtis M. Allen, USMC, Appellate Defense Counsel.

Col Rose Marie Favors, USMC, Appellate Government Counsel.

Capt Patricio A. Tafoya, USMC, Appellate Government Counsel.

Before ANDERSON, Senior Judge, VILLEMEZ, and BRYANT, Appellate Military Judges.

ANDERSON, Senior Judge:[1]

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The appellant was sentenced to a bad-conduct discharge. The convening authority approved the sentence as adjudged.

After carefully considering the record of trial, the appellant's two assignments of error, the Government's response, and the oral argument of counsel, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. *See* Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

**Jurisdiction**

█ In his first assignment of error, the appellant contends that the Commanding Officer, Headquarters and Support (H & S) Battalion, School of Infantry[2] (SOI), Camp Pendleton, California, lacked the authority to convene a special court-martial, because the battalion was a battalion in name only and did not actually function as one. After reviewing the underlying basis for that authority, we conclude that the commanding officer did, in fact, have the power to convene special courts-martial.

Article 23, UCMJ, 10 U.S.C. § 823, provides that special courts-martial may be convened by the commanding officer or officer in charge of any command when so empowered by the Secretary concerned. Art. 23(a)(7),

---

1. Prepared by Senior Judge ANDERSON prior to his retirement.

2. The School of Infantry was formerly known as Infantry Training School. All references to that command in this decision will use the name School of Infantry.

UCMJ. Pursuant to that statute, the Secretary of the Navy has authorized commanding officers of Marine Corps battalions to convene special courts-martial. Manual of the Judge Advocate General, Judge Advocate General Instruction 5800.7C § 0120b(1) (Ch–3, 27 Jul 1998).

Marine Corps battalions are established, organized, and authorized manning through the Marine Corps Total Force Structure Process. Affidavit of Francis P. Donahoe of 14 Feb 2000 at 1–3. H & S Battalion, SOI, was so established as a battalion under this process. *Id.* at 2–3. The battalion's mission is "to provide operational, administrative, logistical, and legal support necessary to support the School and training organizations." Affidavit of Maj. Santo Polizzi, USMC of 14 Feb 2002 at 3–4. The battalion is authorized a major as commanding officer, a captain as executive officer, and a command sergeant major. It is comprised of two companies: Headquarters & Service Company and Student Administration Company. Each company is authorized a captain as commanding officer. Headquarters & Service Company is organized into three platoons, and Student Administration Company is organized into four. Approximately 200 permanent personnel at SOI are assigned to the battalion.

The appellant argues that whether a unit is a battalion requires a functional rather than titular analysis. This contention may be true for units that are not specifically designated as battalions. *See United States v. Ortiz,* 15 C.M.A. 505, 36 C.M.R. 3, 1965 WL 4768 (1965)(holding 2d Bridge Company not to be functional equivalent of detached battalion); *United States v. Woodward,* 16 C.M.A. 266, 36 C.M.R. 422, 1966 WL 4502 (1966)(holding 3d Engineer Battalion (Rear), a portion of 3d Engineer Battalion (Reinforced), to be functional equivalent of detached battalion); *United States v. Edwards,* 49 C.M.R. 305, 1974 WL 14070 (N.C.M.R.1974)(holding Infantry Training School to be functional equivalent of detached battalion). For battalions designated as such under the Total Force Structure Process of the Marine Corps, however, we find no need to resort to a functional analysis. Under Article 23(a)(7), UCMJ, the Sec-

retary of the Navy has specifically authorized commanding officers of Marine Corps battalions to convene special courts-martial. *See United States v. Almy,* 37 M.J. 465, 466 (1993)("To provide for service flexibility and to allow for unforeseen developments in military organizations, Congress permitted the service Secretaries to designate additional commanders not otherwise specified as special court-martial convening authorities. Art. 23(a)(7)."); *United States v. Greenwell,* 19 C.M.A. 460, 463, 42 C.M.R. 62, 65, 1970 WL 6982 (1970)("To provide for the unforeseen, Congress authorized the service Secretaries to fill the gaps [in the power to convene special courts-martial] in those instances where they believed it was necessary."). Nowhere does the UCMJ prescribe any specific requirements of structure or function for such a designated unit to exercise special court-martial jurisdiction. *See United States v. Surtasky,* 16 C.M.A. 241, 244, 36 C.M.R. 397, 399, 1966 WL 4491 (1966)("What kind of commands should be established, and what general duties and responsibilities the commanders of those units should have, are administrative matters which rest with the military. As meager as the functions entrusted to a unit may be, the decision to establish the unit as a part of the naval structure is not subject to review by this Court."). Because H & S Battalion, SOI, was a designated battalion, its commanding officer possessed Secretarial authority to convene special courts-martial under Article 23(a)(7), UCMJ. Even assuming, *arguendo,* that a functional analysis is required, based on our review of the structure and function of H & S Battalion, it is, in fact, a battalion.

### Sentence Appropriateness

■ In his second assignment of error, the appellant contends that the nature of his offense and his character do not warrant the imposition of an unsuspended bad-conduct discharge. The appellant absented himself from his unit for 3 months. Such an offense has a destructive impact on discipline and combat readiness. *See United States v. Fitzgerald,* 13 M.J. 643, 646 (N.M.C.M.R.1982). In addition, the appellant specifically asked to be separated from the service. Defense Exhibit A at 1. ("By way of this letter, I respectfully request the court grant me a

Bad Conduct Discharge. I am fully aware of the negative consequences that receiving a BCD might have in my efforts to further my education, to get military benefits, and to get a good job in the future. However, it is still my intention to ask for a Bad Conduct Discharge."). Although the appellant's desire for a discharge cannot transform an inappropriate sentence into a just one, it is "a strong indication of a lack of rehabilitative potential and a significant factor for consideration." *See United States v. Ray,* 51 M.J. 511, 514 (N.M.Ct.Crim.App.1999). After reviewing the entire record, we find that the sentence is appropriate for this offender and his offense. *United States v. Healy,* 26 M.J. 394, 395–96 (C.M.A.1988); *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A.1982).

### Conclusion

Accordingly, we affirm the findings and sentence as approved on review below.

Judge VILLEMEZ and Judge BRYANT concur.